# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DENNIS R.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-5836 RAJ

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his testimony and three medical opinions. Dkt. 21. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 50 years old, has a high school education, and has worked as a display maker, customer complaint clerk and supervisor, and ticket agent. Dkt. 19, Admin. Transcript (Tr.) 33-34. Plaintiff applied for benefits in January 2018, alleging disability as of May 22, 2017. Tr. 15.

After conducting a hearing in July 2019, the ALJ issued a decision finding Plaintiff not

ORDER REVERSING DENIAL OF
BENEFITS ANDR REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

disabled. Tr. 15-35. In pertinent part, the ALJ found Plaintiff had the severe impairments of lumbar spine degenerative disc disease and degenerative joint disease; right knee chondromalacia and cysts, status post-surgery; left shoulder pain; major depressive disorder; anxiety disorder; and post-traumatic stress disorder (PTSD). Tr. 17. The ALJ found Plaintiff could perform simple, routine, light-exertion work, with occasional overhead reaching and frequent handling/fingering with the left non-dominant upper extremity, and with occasional interaction with coworkers and the public. Tr. 21.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony of debilitating mental impairments and back, knee, and shoulder pain based on inconsistency with the medical evidence, improvement with treatment, and his activities. Tr. 22-27.

**1.     Medical Evidence**

"Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). However, a mere "lack of medical evidence cannot form the sole basis for discounting

[symptom] testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, evidence the ALJ cited did not contradict Plaintiff's testimony.

The ALJ cited a lack of "long-term hospitalizations or severe complications," but failed to explain how this contradicts Plaintiff's testimony. Tr. 25. The ALJ gave no reason long-term hospitalization would be expected based on Plaintiff's testimony of, for example, isolation and difficulty leaving his house. *See* Tr. 118. The ALJ cited "normal or stable gait" and found no need for an assistive device, but this does not contradict Plaintiff's testimony. Tr. 25. Plaintiff testified he can walk for up to 20 minutes, not that he cannot walk without an assistive device. Tr. 125. A normal gait walking across a doctor's office does not contradict testimony of pain and numbness after walking for 20 minutes. *Id.* The ALJ cited observations Plaintiff was in "no acute distress," but Plaintiff's symptoms are chronic, not acute. Tr. 25. The ALJ cited Plaintiff's ability to "participate in physical therapy," but failed to explain how participating in therapy designed for people with physical impairments contradicts Plaintiff's testimony. *Id*. Similarly, the ALJ found Plaintiff was "an active participant in mental health counseling," including completing homework, but failed to explain how participating in therapy designed for people with mental impairments contradicts Plaintiff's testimony. *Id*.

Conflict with the medical evidence was not a clear and convincing reason to discount Plaintiff's testimony.

### 2. Improvement with Treatment

Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ cited a treatment note showing Plaintiff's shoulder and knee pain were "30% improved by PT and

cortisone injection." Tr. 639. This does not show Plaintiff's impairments were controlled effectively. Other records note some improvement, but none indicate Plaintiff's symptoms were fully relieved or otherwise contradict Plaintiff's testimony. *See* Tr. 805 (pain "improved"). "That a person who suffers from severe [symptoms] makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

Improvement with treatment was not a clear and convincing reason to discount Plaintiff's testimony.

### 3. Activities

An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). "Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ found Plaintiff's testimony inconsistent with a treatment note reporting Plaintiff "was going to start walking long distances." Tr. 23. However, this goal, set during mental health treatment, had a target date of over a year later. Tr. 1189 ("Start: 11/25/2017 … Target: 12/31/2018"). This treatment note does not indicate Plaintiff actually engaged in any activity inconsistent with his testimony.

The ALJ listed several activities, including the ability to "move from one location to another" and "provide information about his health," but failed to explain how they contradicted Plaintiff's testimony. Tr. 26-27. The ALJ also provided a long description of driving a car, including operating pedals and levers and focusing, but again failed to explain how it contradicts

Plaintiff's testimony. Tr. 27. Plaintiff participated in a "wellness walk" with his mental health care group, but there is no indication he walked longer than he testified he could without breaks. Tr. 899.

Conflict with activities was not a clear and convincing reason to discount Plaintiff's testimony.

The Court concludes the ALJ erred by discounting Plaintiff's testimony without a clear and convincing reason.

**B.     Medical Opinions**

Because Plaintiff filed his claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The ALJ must articulate and explain the persuasiveness of an opinion based on "supportability" and "consistency," the two most important factors in the evaluation. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion. *Id*. at (c)(1)-(2). At the least, this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

  **1.     Treating Physician James G. Lenhart, M.D.**

In April 2019, based on knee and shoulder impairments, Dr. Lenhart opined Plaintiff needed to elevate his leg for 10 minutes about every two hours, could stand/walk two hours and sit two hours per day, would miss more than three days of work per month, and had upper

ORDER REVERSING DENIAL OF
BENEFITS ANDR REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

extremity limitations. Tr. 1171-73. The ALJ found Dr. Lenhart's opinions "unpersuasive" based on inconsistency with medical evidence and Plaintiff's activities, unexplained limitations, and internal inconsistency. Tr. 29.

### a) Medical Evidence

Inconsistency with objective evidence in the medical record can be a valid reason for rejecting the opinion of an examining doctor. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Here, however, the only medical evidence the ALJ cited was "generally normal gait and ability to walk, sit, and stand without the use of an assistive device." Tr. 29. A normal gait across a doctor's office without an assistive device does not contradict an inability to stand/walk more than two hours per day, as Dr. Lenhart opined. Tr. 1172. Conflict with medical evidence was not a valid reason to discount Dr. Lenhart's opinions.

### b) Activities

Conflict with a claimant's activities "may justify rejecting a treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, however, the ALJ provided the same list of activities he cited to discount Plaintiff's testimony, and failed to explain how any of them contradicted Dr. Lenhart's opinions. Tr. 29. Conflict with Plaintiff's activities was not a valid reason to discount Dr. Lenhart's opinions.

### c) Lack of Explanation

The ALJ found Dr. Lenhart failed to explain his opinion Plaintiff would miss at least three days of work per month. Tr. 29. Although Dr. Lenhart did not explain his absenteeism opinion in the form, the ALJ must also consider his treating records. Opinions "based on significant experience with [the claimant] and supported by numerous records [are] entitled to weight that an otherwise unsupported and unexplained check-box form would not merit…."

*Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014). Dr. Lenhart's opinions were supported by extensive clinical records. *See* Tr. 638-82, 817-75, 1127-70. These treatment records reveal numerous abnormal clinical findings. *See, e.g.*, Tr. 644 ("Left shoulder … tenderness[,] Hawkin's positive[,] Neer's positive"), 657 ("Large multiloculated cystic lesion" on right knee MRI), 863 (positive straight leg raise and Faber tests). The ALJ provided no reason these were insufficient to support Dr. Lenhart's opinions. Lack of explanation was not a valid reason to discount Dr. Lenhart's opinions.

### d) Internal Inconsistency

The ALJ found Dr. Lenhart's opined upper extremity (UE) limitations internally inconsistent. Dr. Lenhart made a checkmark indicating Plaintiff "would not be able to use his hands and arms at all for reaching, holding, handling or manipulating," and a checkmark to indicate this opinion applied to Plaintiff's "[l]eft UE." Tr. 1172. On the next page, Dr. Lenhart made a checkmark indicating Plaintiff "would be able to use his hands and arms occasionally (up to 1/3 of an 8 hour workday) for reaching, holding, handling or manipulating," but failed to make a checkmark indicating whether this limitation applied to Plaintiff's "[r]ight," "[l]eft," or "[b]oth" upper extremities. Tr. 1173. The ALJ apparently concluded Dr. Lenhart intended the occasional limitation to apply to both upper extremities, which would contradict the opined inability to use the left arm. Tr. 29. However, Dr. Lenhart did not make a checkmark indicating "[b]oth UE's." Tr. 1173. Substantial evidence thus does not support the ALJ's conclusion that Dr. Lenhart intended to endorse two contradictory statements. Internal inconsistency was not a valid reason to discount Dr. Lenhart's opinions.

The Court recognizes the ambiguity created by Dr. Lenhart's failure to checkmark one of the three options provided. However, because this case must be remanded for reconsideration of

ORDER REVERSING DENIAL OF
BENEFITS ANDR REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

Plaintiff's testimony in any case, the Court need not further address the ambiguity at present. On remand, the ALJ may be evaluating a different record, as new evidence may be submitted that impacts Dr. Lenhart's opinion. If not, the ALJ will have the opportunity to reconsider or clarify his conclusion that Dr. Lenhart intended to opine two contradictory limitations.

The Court concludes the ALJ erred by discounting Dr. Lenhart's opinions.

**2.      Examining Doctor W. Kefron McCaw, Psy.D.**

Dr. McCaw examined Plaintiff in October 2018 and, based on diagnoses of social anxiety disorder and major depressive disorder, opined he would have marked limitations in maintaining punctual attendance, learning new tasks, communicating and performing effectively, maintaining appropriate behavior, completing a normal work day and work week, and goal-setting. Tr. 1123-24.

The ALJ found Dr. McCaw's opinions "unpersuasive" based on inconsistency with objective medical findings and Plaintiff's activities. Tr. 32. As the Commissioner notes, the "ALJ also found more persuasive the opinions of the State Agency consultants." Dkt. 22 at 13. The existence of conflicting opinions, however, is not by itself a reason to prefer one over the other. The ALJ could only discount Dr. McCaw's opinions for valid reasons supported by substantial evidence.

The ALJ did not identify any conflicting medical evidence, but simply referred to "objective medical findings discussed previously in this decision." Tr. 32. Nothing in the ALJ's decision obviously conflicts with Dr. McCaw's opinions, and the Commissioner fails to identify any conflict. Conflict with the medical evidence was not a valid reason to discount Dr. McCaw's opinions.

The ALJ provided the same list of activities he cited to discount Plaintiff's testimony and

Dr. Lenhart's opinions, and failed to explain how any of them contradicted Dr. McCaw's opinions. Tr. 32. Conflict with Plaintiff's activities was not a sufficient reason to discount Dr. McCaw's opinions.

The Court concludes the ALJ erred by discounting Dr. McCaw's opinions.

### 3. Examining Doctor Morgan L. McCormick, Psy.D.

Dr. McCormick examined Plaintiff in May 2019 and, based on PTSD, opined Plaintiff had marked limitations in remembering, concentrating for two hours, completing a normal work day and work week, accepting supervision, and handling changes. Tr. 1396-1400. The ALJ found Dr. McCormick's opinions "unpersuasive" based on the same activities discussed above, but failed to explain how any of them contradicted Dr. McCormick's opinions. Tr. 33. This was not a valid reason. The Court concludes the ALJ erred by discounting Dr. McCormick's opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony and the opinions of Dr. Lenhart, Dr. McCaw, and Dr. McCormick; reassess the RFC as appropriate; and proceed to step five as necessary.

DATED this 8th day of June, 2021.

The Honorable Richard A. Jones
United States District Judge